IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

McARTHUR LYNCH, JR., #179533,      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     CIVIL ACTION NO. 3:13-CV-185-TMH
                                   )              [WO]
                                   )
AMY NEWSON, et al.,                )
                                   )
          Defendants.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

McArthur Lynch, Jr. ["Lynch"], a state inmate, on March 27, 2013.  In this complaint,

Lynch challenges the constitutionality of convictions imposed upon him in November of

2012 by the Circuit Court of Randolph County, Alabama.[1]  *Complaint - Doc. No. 1* at 3.

Lynch also alleges that while confined in the Randolph County Jail awaiting trial several

inmates "jumped" him due to the nature of his cases and when he spoke with the jail

administrator about this incident the administrator referenced Lynch's negative behavior

as a basis for the attack.  *Id.*  Lynch names Amy Newson, the Assistant District Attorney

---

[1] The convictions about which Lynch complains include attempted sodomy, two counts of sexual abuse of a child under the age of 12 and violation of the Alabama Sex Offender Registration and Community Notification Act [ "ASORCNA"], *Ala. Code* § 15-20A-1, *et. seq*.  Lynch was subject to the requirements of the ASORCNA due to a 2001 conviction for attempted first degree rape.

who prosecuted his cases, James Bailey, an officer with the Roanoake Police Department, William Delar, the administrator of the Randolph County Jail, Billy Lane, a deputy with the Randalph County Sheriff's Department,[2] Mary Craig, his defense counsel, Lacretha Trammell, a witness at his trial, and the Department of Human Resources for Randolph County, as defendants in this cause of action.  He seeks monetary damages and a ruling by this court that the criminal convictions are violative of his constitutional rights.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii)[3]

## II.  DISCUSSION

### A.  The Perjury Claim

Lynch contends that officer Bailey committed perjury at his criminal trial.  It is well established that 42 U.S.C. § 1983 does not authorize the assertion of a claim for damages for alleged acts of perjury during proceedings related to criminal proceedings.  *Briscoe v. LaHue*, 460 U.S. 325, 334-336, 103 S.Ct. 1108, 1115-1116 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their

---

[2] The complaint contains no claims against Billy Lane.

[3] The court entered an order granting Lynch leave to proceed *in forma pauperis* in this cause of action.  *Order of April 1, 2013 - Doc. No. 3*.  This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

testimony in judicial proceedings);[4] *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987). Thus, within the context of this 42 U.S.C. § 1983 action, Lynch is entitled to no relief from Bailey with respect to alleged perjurous testimony and this claim is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

## B.  Assistant District Attorney Newson

Lynch challenges the constitutionality of actions undertaken by Assistant District Attorney Amy Newsome during his prosecution for state criminal offenses. It is clear from the complaint that the claims made against defendant Newson emanate from her representation of the State with respect to criminal proceedings conducted before the Circuit Court of Randolph County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500

---

[4] In *Briscoe*, the Supreme Court further implied that the false testimony in and of itself does not violate an accused's constitutional rights.  460 U.S. at 327, n. 1.

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11ᵗʰ Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11ᵗʰ Cir. 1988).

The actions of defendant Newson about which the plaintiff complains related to the role this defendant undertook "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11ᵗʰ Cir. 1998) (citations omitted). Defendant Newson is therefore "entitled to absolute immunity for that conduct." *Id.* Thus, Lynch's claims against Amy Newson lack an arguable basis and are therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*, 490 U.S. at 327.

### C. Defense Counsel

Lynch names Mary Craig, the attorney who represented him during his criminal trial,

as a defendant in this cause of action.  A review of the complaint demonstrates that Lynch seeks to challenge the adequacy of the representation provided to him by Craig during the state criminal proceedings which resulted in his convictions.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "***both*** an alleged constitutional deprivation ... ***and*** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). The claims asserted by Lynch against Mary Craig therefore lack an arguable basis in law and are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### D.  The Trial Witness

Lynch challenges the testimony of Lacretha Trammel, a witness at his trial.  To the

5

extent Lynch seeks relief for alleged perjury by this witness, this claim provides no basis for relief. *Briscoe*, 460 U.S. at 336. In addition, it is clear that Ms. Trammel did not act under color of state law with respect to the actions about which Lynch complains and she is therefore excluded from the reach of § 1983. *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985.

### E.  Jail Administrator William Delar

Lynch alleges that William Delar made disparaging remarks regarding the attack perpetuated by other inmates. Specifically, Lynch maintains that after the incident he talked to Delar at which time Delar suggested Lynch "need[ed] it"because he had "curse" the other inmates. *Complaint - Doc. No. 1* at 3.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985; *Willis*, 993 F.2d at 840. Inappropriate, derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th

6

Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *see also Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate complaint for failure to state a claim appropriate because officer's insults, taunts and/or racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere verbal taunt demonstrates a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, even a threat of harm, not actionable under § 1983).

In light of the foregoing, the court concludes that the claim presented against William Delar is frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### F.  Department of Human Resources of Randolph County

Lynch lists the D.H.R. of Randolph County as a defendant in this cause of action. Although Lynch makes no specific allegations against this defendant, it appears that any claims regarding this entity arise from actions taken with respect to sexual offenses Lynch

committed against a child.  Regardless, Lynch is entitled to no relief from the D.H.R. of Randolph County.

The law is well-settled that the State of Alabama and its agencies, including the county offices of the Alabama Department of Human Resources, are absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").  In light of the foregoing, any claim lodged against the Randolph County division of the Alabama Department of Human Resources is frivolous as such claim would be "based on an indisputably meritless legal theory" and is therefore subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).  *Neitzke*, 490 U.S. at 327.

### G.  Claims Attacking Plaintiff's Convictions

In the instant complaint, the majority of claims presented by Lynch challenge the constitutionality of the convictions entered against him in November of 2012 by the Circuit Court of Randolph County, Alabama.  Lynch is currently incarcerated pursuant to the sentences imposed upon him for these convictions.  Under well settled law, the claims raised by Lynch regarding the validity of his convictions presently provide no basis for relief in this cause of action.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v.*

*Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court

reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

To the extent that the claims raised in the instant complaint implicate the constitutionality of convictions imposed on Lynch in November of 2012 by the Circuit Court of Randolph County, Alabama, a judgment in favor of Lynch on these claims would necessarily imply the invalidity of these convictions and the resulting sentences.  It is clear from the complaint that the convictions from which Lynch's claims arise have not been invalidated in an appropriate proceeding.  Consequently, any collateral attack on these convictions under § 1983 is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Amy Newson, James Bailey, William Delar, Billy Lane, Mary Craig, Lacretha Trammell and the Randolph County D.H.R. be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.  With respect to those claims which challenge the constitutionality of convictions

imposed upon the plaintiff in November of 2012 by the Circuit Court of Randolph County, Alabama, these claims be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3.   This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii)

It is further

ORDERED that on or before April 17, 2013 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

11

down prior to the close of business on September 30, 1981.

Done this 2nd day of April, 2013.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE